IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Chang Hua Zeng, | ) | Civil Action No. 2:15-cv-02023-RMG-MGB |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Coosaw Partners, LLC & Terry Kinder | ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————— | ) | |

The Plaintiff, appearing *pro se*, filed this action alleging claims of breach of contract, fraud and discrimination. (*See* Dkt. No. 28.) This matter has been referred to the Magistrate Judge for a Report and Recommendation pursuant to Local Rule 73.02(B)(2), D.S.C., and 28 U.S.C. § 636(b). On December 18, 2015, the Defendants filed a Motion to Dismiss pursuant to Rules 12(b)(1) and (12)(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 30.)  The Plaintiff filed a response to the Defendants' motion on January 19, 2016. (Dkt. No. 34.)

## ALLEGED FACTS[1] & PROCEDURAL HISTORY

The Plaintiff is Chinese and ran a Chinese restaurant in commercial space he leased from the Defendants.  The Plaintiff alleges the Defendants breached the lease agreement with him.  He alleges that the Defendants did not properly provide him with HVAC as required by the lease. The Plaintiff alleges that he paid for a support system to be built for some of his restaurant equipment.  The Defendants did not have the support built according to the plans proposed by an engineer, but instead the support was built to hold the HVAC equipment for the entire building.

---

[1] In a motion to dismiss the court must accept the Plaintiff's alleged facts as true and view them in a light most favorable to the Plaintiff.  *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996). Unless otherwise cited, the alleged facts are taken from the Second Amended Complaint. (Dkt. No. 28.)

The Plaintiff alleges that the roof of his restaurant leaked and he could see daylight through the ceiling. He alleges that the Defendants breached the lease agreement by not fixing the leaks.  The Plaintiff alleges the Defendants took advantage of him and used his money inappropriately.

The Plaintiff alleges he was discriminated against and subject to disparate treatment by the Defendants.  The Plaintiff alleges that he was entitled to designated parking spots under his lease.  The Defendants refused to allow the Plaintiff to post signs reserving his parking spots; however the "white American" owner of a pizza restaurant in the same building was allowed to post signs reserving his parking spaces. The Plaintiff alleges that the Defendants ignored his complaints but responded to complaints made by non-Chinese tenants.

The Plaintiff filed this lawsuit on or about May 15, 2015. (Dkt. No. 1.) On July 8, 2015, he filed an Amended Complaint. (Dkt. No. 13.) On July 22, 2015, the Defendants filed a Motion for More Definite Statement (Dkt. No. 21), which was granted in part and denied in part by this court's Order filed November 23, 2015. (Dkt. No. 25.) The Plaintiff filed his Second Amended Complaint on December 14, 2015. (Dkt. No. 28.)  In the Second Amended Complaint, the Plaintiff indicated that he had previously litigated issues related to the case at bar in state court under docket number 2013-CP-18-368. (Dkt. No. 28 at 2.)  From a review of Plaintiff's attachments to the First Amended Complaint, as well as the Dorchester County First Judicial Circuit Public Index (the "Public Index"),[2] it appears that Plaintiff sued the same Defendants in the case *sub judice* in the state court action of *Zeng v. Coosaw Partners, LLC, et al.*, Civ. A. No. 2013CP1800368.  The Public Index reveals that, after a bench trial on April 8, 2014, judgment

_____

[2] The Public Index is available at http://www.judicial.state.sc.us/caseSearch/. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice . . . is in noticing the content of court records.'"); *Tisdale v. S.C. Highway Patrol*, C/A No. 0:09-1009-HFF-PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd* 347 F. App'x 965 (4th Cir. Aug. 27, 2009); *Williams v. Long*, 585 F. Supp. 2d 679, 687-88 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

was entered in favor of Defendants against Chang Hua Zeng on June 6, 2014 in the amount of $3,541.25. *See Zeng v. Coosaw Partners, LLC, et al.*, Civ. A. No. 2013CP1800368; *see also* Dkt. No. 13-7 at 12-13 of 164. The Plaintiff appealed, and the South Carolina Court of Appeals affirmed the judgment of the trial court on August 12, 2015. *See Zeng v. Coosaw Partners, LLC*, Case No. 2014-001353 (Aug. 12, 2015); *see also Zeng v. Coosaw Partners, LLC et al.*, Civ. A. No. 2013CP1800368.

## STANDARDS OF REVIEW

A *pro se* complaint is entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

A. Motion to Dismiss under Rule 12(b)(1)

The Plaintiff bears the burden of showing his claims fall under federal jurisdiction. *William v. Meridian Mgm't Corp.*, 50 F.3d 299, 304 (4th Cir.1995) (citation omitted). In the case at bar, the Defendants contend that the Plaintiff has failed to allege any facts to support this court's subject matter jurisdiction. "When the defendant contends that the complaint fails to allege facts sufficient to establish subject matter jurisdiction, 'all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration.'" *Stogsdill v. Sebelius*, No. C/A No. 3:12-0007-TMC, 2013 WL 521483, at *2 (D.S.C. Feb. 11, 2013) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982)).

B. Motion to Dismiss under Rule 12(b)(6)

On a motion to dismiss pursuant to Rule 12(b)(6), a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). For purposes of a motion to dismiss, the district court must "take all of the factual allegations in the complaint as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In considering a motion to dismiss, [the court] accept[s] the complainant's well-pleaded

allegations as true and view[s] the complaint in the light most favorable to the non-moving party." *Stansbury v. McDonald's Corp.*, 36 F. App'x 98, 98-99 (4th Cir. 2002) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993)). However, while the court must draw all reasonable inferences in favor of the plaintiff, it need not accept the "legal conclusions drawn from the facts, . . .unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Giarratano*, 521 F.3d at 298).

## <u>ANALYSIS</u>

1.  Motion to Dismiss under Rule 12(b)(1)

The Defendants move to dismiss the Second Amended Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure based on the lack of subject matter jurisdiction. In this court's Order ruling on the Defendants' Motion for More Definite Statement (Dkt. No. 25), the Plaintiff was ordered to file his Second Amended Complaint containing "a short and plain statement of the grounds for this court's jurisdiction." (*Id.* (quoting FED. R. CIV. P. 8(a)).) The Second Amended Complaint does not contain a discrete statement of this court's jurisdiction. (Dkt. No. 28.) The Second Amended Complaint does not contain any allegations to support diversity between the parties. (Dkt. No. 28.) Of the three causes of action alleged, only discrimination could pose a possible question of federal law. The Second Amended Complaint states that the Defendant discriminated against the Plaintiff because he was Chinese, did not speak English well, and was not white. (*Id.*) The Plaintiff's response to the Defendants' Motion for Summary Judgment argues that "[t]he Federal Court can hear [the Plaintiff's] case because federal law will not allow the Defendants to discriminate against [the Plaintiff] in [his] contract because of [his] race or national origin." (Dkt. No. 34.)

Section 1981 states, in relevant part, that "[a]ll persons...shall have the same right...to make and enforce contracts...as is enjoyed by white citizens." 42 U.S.C § 1981. "[S]ection 1981 provides protection against discriminatory conduct occurring during and after the formation of a contract." *Sherman v. Marriott Hotel Servs., Inc.*, 317 F. Supp. 2d 609, 614 (D. Md. 2004). To state a claim of discrimination under section 1981, the Plaintiff must allege the following three elements:

1. [T]hat the plaintiff is a member of a racial minority.
2. [T]hat the defendant acted with an intent to discriminate against the plaintiff on the basis of race.
3. [T]hat the defendant's race discrimination concerned plaintiff's making, performance, modification, and termination of contracts or the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

*Habash v. City of Salisbury, Md.*, 618 F. Supp. 2d 434, 442 (D. Md. 2009) (internal quotiations omitted).

Section 1982 is similar to section 1981, "except that it focuse[s], not upon rights to make and enforce contracts, but rights related to the ownership in property." *CBOCS W., Inc. v. Humphries,* 553 U.S. 442 (2008). Section 1982 states, in relevant part, "[a]ll citizens of the United States shall have the same right ... as is enjoyed by white citizens thereof to ... purchase, lease, [and] sell ... real ... property." 42 U.S.C. § 1982. The elements of a § 1982 claim "parallel" those of a § 1981 claim: a plaintiff must show the same first two elements, and "interference with the rights or benefits connected with the ownership of property." *Daniels v. Dillard's, Inc.,* 373 F.3d 885, 887 (8th Cir.2004); *CBOCS W., Inc.,* 553 U.S. 469 (stating that Supreme Court precedents "have long construed §§ 1981 and 1982 similarly" and that the only difference in the statutes' language is the set of rights protected).

The Supreme Court has held that section 1981 does not provide a cause of action solely on the basis of national origin. *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987).

Justice Brennan wrote a concurring opinion in *Al-Khazraji* that noted that the "line between discrimination based" on race as opposed to national origin "is not a bright one." *Id*. at 614. The *Al-Khazraji* court stated that the Chinese are an immigrant group that Congress specifically intended to protect under section 1981. *Id.* at 613.

The Second Amended Complaint contains sufficient allegations to establish the jurisdiction under 28 U.S.C § 1331, federal question jurisdiction. The Plaintiff's discrimination claims allege disparate treatment between him and white tenants. (Dkt. No. 28.) He specifically alleges that white tenants were allowed to use signs to reserve parking spaces, but he was not allowed to post similar signs because he is Chinese. (*Id.*) He alleges the Defendants did not fulfill their contractual obligations under the lease agreement because he is Chinese (*Id.*) "To state a claim under §§ 1981 or 1982, 'a plaintiff must ultimately establish both that the defendant intended to discriminate on the basis of race, and that the discrimination interfered with a contractual [or property] interest.' *Guess v. Adams*, C/A No. 3:15-cv-657-CMC-PJG, 2015 WL 8772804, at *3 (D.S.C. Dec. 1, 2015) *report and recommendation adopted*, 2015 WL 8770050 (D.S.C. Dec. 14, 2015) (quoting *Denny v. Elizabeth Arden Salons, Inc.,* 456 F.3d 427, 434 (4th Cir.2006)). The Plaintiff has alleged sufficient facts to state claims under §§ 1981 and 1982. The Plaintiff's remaining two claims for breach of contract and fraud are brought under state law. Having found that this court has jurisdiction over the Plaintiff's discrimination claim, this court finds it has supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367. This court recommends that the Defendant's Motion to Dismiss under Rule 12(b)(1) be denied.

2. Motion to Dismiss under Rule 12(b)(6)

As discussed *supra*, the Second Amended Complaint contains sufficient allegations to state claims under §§ 1981 and 1982. As to the breach of contract claim, the Plaintiff has alleged

sufficient facts to state a claim. *See Branche Builders, Inc. v. Coggins*, 386 S.C. 43, 48, 686 S.E.2d 200, 202 (Ct. App. 2009). The Plaintiff alleged that he entered a lease agreement with the Defendants. He alleges that the Defendants have breached that agreement in several ways including not allowing him to have reserved parking spaces, failing to repair a leaking roof, and installing HVAC equipment on a support meant for his restaurant equipment. (Dkt. No. 28.)

The Second Amended Complaint does not contain sufficient allegations to support a fraud claim. In order to prove fraud, the following elements must be shown:

> (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury.

*Ardis v. Cox*, 314 S.C. 512, 515, 431 S.E.2d 267, 269 (Ct. App. 1993). Reviewing the Second Amended Complaint in its entirety, none of the allegations support a claim for fraud. The allegations state that the Defendants were not performing as obligated under the lease and that the Defendants discriminated against the Plaintiff because he was Chinese. The Second Amended Complaint contains no allegations that the Defendants made a material false representation to the Plaintiff on which he relied, resulting in injury. Therefore, this court recommends the Defendant's Motion to Dismiss under Rule 12(b)(6) be denied as to the discrimination and breach of contract claims and granted as to the fraud claim.

## **RECOMMENDATION**

Accordingly, the Magistrate Judge **RECOMMENDS** that the Defendants' Motion to Dismiss (Dkt. No. 30) be **GRANTED** as to the Plaintiff's fraud claim and **DENIED** as to the Plaintiff's discrimination and breach of contract claims.

**IT IS SO RECOMMENDED.**

February 16, 2016

Charleston, South Carolina

_____

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).