IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Chang Hua Zeng, | ) | Civil Action No. 2:15-2023-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Coosaw Partner, LLC, and Terry Kinder, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that Defendants' motion to dismiss be granted in part and denied in part. For the reasons below, the Court declines to adopt the Report and Recommendation and grants Defendants' motion to dismiss.

**I.   Background**

Plaintiff, a Chinese national, operated a Chinese restaurant in a commercial space leased from Defendants. He alleges that Defendants did not properly provide him with heating, air conditioning, and ventilation ("HVAC") as required by the lease. The Plaintiff alleges that he paid for an HVAC support system to be built for some of his restaurant equipment, but Defendants did not have the support built according to the plans proposed by an engineer. Instead, the support was built to hold the HVAC equipment for the entire building. The Plaintiff also alleges that the roof of his restaurant leaked and he could see daylight through the ceiling, and that Defendants breached the lease agreement by not fixing the leaks. He also alleges that he was entitled to designated parking spots under his lease, yet Defendants refused to allow him to post signs reserving his parking spots, even though the "white American" owner of a pizza restaurant in the

same building was allowed to do so. He alleges that Defendants ignored his complaints but responded to complaints made by non-Chinese tenants.

The Plaintiff filed this lawsuit on May 15, 2015, alleging that he was discriminated against and subject to disparate treatment under the lease agreement because of his Chinese ethnicity, as well as actions for fraud and breach of contract. (Dkt. No. 1.) On July 8, 2015, he filed his first amended complaint. (Dkt. No. 13.) Plaintiff attached state court documents to that amended complaint, which indicate that he had previously litigated issues related to this case in state court. In *Zeng v. Coosaw Partners, LLC, et al.*, Case. No. 2013-CP-18-368 (C.P. Dorchester Cty. June 6, 2014) *aff'd* Zeng v. Coosaw Partners, LLC, Case No. 2014-1353 (S.C. Ct. App. Aug. 12, 2015), judgment was entered in favor of Defendants after a bench trial on April 8, 2014.

On July 22, 2015, the Defendants filed a motion for a more definite statement (Dkt. No. 21), which was granted in part and denied in part by this court's Order filed November 23, 2015. (Dkt. No. 25.) Plaintiff then filed a second amended complaint on December 14, 2015. (Dkt. No. 28.) Plaintiff again indicated that he had previously litigated issues related to this case in state court. (Dkt. No. 28 at 2.)

Defendants moved to dismiss on December 18, 2015. The Magistrate Judge entered a Report and Recommendation on February 16, 2016, recommending that Defendants' motion be granted as to Plaintiff's fraud claim and denied as to Plaintiff's discrimination and breach of contract claims. No objections were made to the Report and Recommendation.

## II. Legal Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo*

determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

B.  **Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the

complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. Analysis

Defendants move to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, and under Rule 12(b)(6) for failure to state a claim. The Court finds that subject matter jurisdiction exists, but that Plaintiff has failed to state a claim that is not precluded by the *res judicata* effect of the judgment in Plaintiff's state court action.

#### A. Jurisdiction

Defendants move to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure based on lack of subject matter jurisdiction Subject-matter jurisdiction, however, exists over Plaintiff's claims. Plaintiff alleges that Defendants' performance under a lease discriminated against Plaintiff because of his race. Federal law prohibits discriminatory conduct during and after the formation of a contract. 42 U.S.C. § 1981. It also prohibits discriminatory conduct regarding the lease of real property. 42 U.S.C. § 1982. The Supreme Court has held that Chinese immigrants are a group that Congress specifically intended to protect under § 1981. *St. Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987).

The second amended complaint contains sufficient allegations to establish jurisdiction under 28 U.S.C § 1331, federal question jurisdiction. The Plaintiff's discrimination claims allege disparate treatment between him and white tenants. (Dkt. No. 28.) The Plaintiff's remaining two claims for breach of contract and fraud are brought under state law. This court has supplemental jurisdiction over those state law claims. *See* 28 U.S.C. § 1367.

B.  *Res Judicata*

"Under the doctrine of *res judicata*, or claim preclusion, [a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (alteration in original and internal quotation marks omitted). "By precluding parties in a subsequent proceeding from raising claims that were or could have been raised in a prior proceeding, [r]es judicata . . . encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." *Id.* (internal quotation marks omitted). For *res judicata* to apply there must be: "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Id.* at 354–55. State court judgments preclude federal litigation of the same issues between the same parties. *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 482 (1982) ("Congress has specifically required all federal courts to give preclusive effect to state-court judgments . . . .").

Defendants have not asserted *res judicata* in this action, but the Court may raise the defense *sua sponte*. *See Clodfelter v. Republic of Sudan*, 720 F.3d 199, 208 (4th Cir. 2013) ("[C]ourts have consistently described a district court's sua sponte consideration of a res judicata defense as permissible but not required."); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) ("[C]ertain affirmative defenses implicate important institutional interests of the court, and may sometimes be properly raised and considered *sua sponte*. For example, the affirmative defense of *res judicata*—which serves . . . the important judicial interest in avoiding resolution of an issue that the court has already decided—may, in 'special circumstances,' be raised *sua sponte*." (citing *Arizona v. California*, 530 U.S. 392, 412 (2000))). "Special circumstances" allowing district courts to raise *res judicata sua sponte* occur "if a court is on notice" that the issue presented has

been previously decided. *Arizona*, 530 at 412. A district court's decision to consider a *res judicata* defense *sua sponte* is reviewed for an abuse of discretion. *Clodfelter*, 720 F.3d at 208.

The rule that a district court may consider *res judicata sua sponte* when "on notice" that issues have previously been decided dovetails with the rule that consideration of *res judicata* on a motion to dismiss is appropriate if the issue "clearly appears on the face of the complaint" and "judicial notice of facts from a prior judicial proceeding" leaves "no disputed of fact" regarding the *res judiciata* defense. *Andrews v. Daw*, 201 F.3d 521 n.1 (4th Cir. 2000).

Now before the Court is a motion to dismiss. It is apparent from the face of the second amended complaint that Plaintiff's allegations were tried in state court. (Dkt. No. 30 at 27 ("So, this final brief of Respondents [referring to Defendants' state appellate brief] help[s] me prove [that] something [was] not right when my case [was] in the Dorchester County Court House. That's why I come to Federal Court.").) The Court takes notice of the South Carolina Court of Common Plea's order following the bench trial in that case. (Dkt. No. 37 (Order, *Chang Hun Zeng v. Coosaw Partners, LLC and Terry Kinder*, Case No. 2013-CP-18-368 (C.P. Dorchester Cty. June 6, 2014).) The parties in that case were identical to the parties in the present case. The state court found that when litigating the same claims now before this Court, Plaintiff failed to prove breach of contract, failed to prove fraud, and failed to prove discrimination. Every claim Plaintiff asserts before this Court was tried in state court.[1] The findings of the state court were reduced to final judgment, and the South Carolina Court of Appeals affirmed the judgment. There are no issues remaining for this Court to decide. *Res judicata* precludes Plaintiff's claims.

---

[1] The letter from the state court dated April 21, 2014, that informs the parties of the court's decision and that Plaintiff filed with his amended complaint (Dkt. No. 13-6 at 27–28), makes no mention of the discrimination claim. However, the order filed in the case on April 6, 2014 specifically adjudicates that claim.

## IV.  Conclusion

For the foregoing reasons, the Court **DECLINES TO ADOPT** the Report and Recommendation of the Magistrate Judge (Dkt. No. 35) and **GRANTS** Defendants' motion to dismiss (Dkt. No. 30), and **DISMISSES** the Second Amended Complaint (Dkt. No. 28.)

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

March //, 2016
Charleston, South Carolina